UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

3:10CR244-RJC

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **CONSENT ORDER AND** |
| v. ) | **JUDGMENT OF FORFEITURE** |
| ) | |
| DEANNA RAY SALAZAR, ) | |
| ) | |
| Defendant. ) | |

BASED UPON the defendant's plea of guilty, and finding that there is a substantial nexus between the property listed below and the conspiracy offense to which defendant has pled guilty and that the defendant has or had a legal interest in the property, IT IS HEREBY ORDERED THAT:

1. The following property is forfeited to the United States pursuant to 18 U.S.C. § 981 and 982, 21 U.S.C. § 853, and/or 28 U.S.C. § 2461(c):

One 2008 Porsche Cayenne, VIN WP1AD29P78LA71337;

One 2010 Audi A3, VIN WAUKJAFM6AA149477;

One 14K white gold ladies ring containing a 3.00 ct. round brilliant diamond flanked by eight full cut round brilliant diamonds which have a total weight of approximately 1.10 ct.;

Approximately $36,707.00 in funds seized from Navy Federal Credit Union Account XXX503003; and

Any and all currency and monetary instruments that are proceeds of the conspiracy alleged in the Bill of Information, including but not limited to the sum of approximately $7,500,000.00 in proceeds of the conspiracy.

2. The United States Marshal, Federal Bureau of Investigation, and/or other property custodian for the investigative agency is authorized to take possession and maintain custody of the above specifically identified property;

3. The United States shall, to the extent practicable, provide direct written notice to any persons known to have alleged an interest in the specifically identified property, and shall publish notice of this forfeiture as required by law;

4. Any person, other than the defendant, asserting any legal interest in the specifically

identified property may, within thirty days of the publication of notice or the receipt of notice, whichever is earlier, petition the court for a hearing to adjudicate the validity of the alleged interest;

5. Following the Court's disposition of all timely petitions filed, a final order of forfeiture shall be entered. If no third party files a timely petition, this order shall become the final order and judgment of forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2), and the United States shall have clear title to the property and shall dispose of the property according to law. To the extent that this consent order constitutes a $7,500,000.00 forfeiture money judgment, this order is a final money judgment;

The parties stipulate and agree that the aforementioned assets constitute property derived from or traceable to proceeds of the conspiracy to which defendant pled guilty and are therefore subject to forfeiture pursuant to 18 U.S.C. §§ 981 and 982, 21 U.S.C. § 853, and/or 28 U.S.C. § 2461(c). The defendant hereby waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment against defendant. If the defendant has previously submitted a claim in response to an administrative forfeiture proceeding regarding any of this property, defendant hereby withdraws that claim. If defendant has not previously submitted such a claim, defendant hereby waives all right to do so.

ANNE M. TOMPKINS
UNITED STATES ATTORNEY

Benjamin Bain-Creed
Assistant United States Attorney

Deanna Ray Salazar
Defendant

Harold J. Bender, Esq.
Attorney for Defendant

Brian Harris Bieber, Esq.
Attorney for Defendant

Joel Hirschhorn, Esq.
Attorney for Defendant

Signed this the ____ day of May, 2011.

ROBERT J. CONRAD
UNITED STATES DISTRICT JUDGE